Filed 8/25/21  P. v. Brodie CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Plumas)

----

| | |
|---|---|
| THE PEOPLE, | C092107 |
| Plaintiff and Respondent, | (Super. Ct. No. F1900607) |
| v. | |
| VICTOR LAURANCE BRODIE, | |
| Defendant and Appellant. | |

Defendant, Victor Laurance Brodie, was convicted of first-degree residential burglary and possession of a controlled substance while armed with a firearm.  Prior to trial, defendant made comments to the trial court about wanting to represent himself.  Defendant contends these were unequivocal requests pursuant to *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562] (*Faretta*), and that the trial court erred in failing to substantively address and summarily denying these requests.  We find no error and affirm the judgment.

1

FACTS AND HISTORY OF THE PROCEEDINGS

The substantive facts underlying the convictions are not relevant to the issue raised on appeal and are therefore not recounted here. Defendant was convicted of first-degree residential burglary (Pen. Code, § 459) and possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)). At the trial readiness conference, 18 days before trial, defendant made a *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) motion contending he had obtained new counsel and had "fired" his appointed counsel. The trial court held a hearing in a closed session during which defendant argued:

"THE DEFENDANT: Ken VanDervoort is my attorney.

"THE COURT: Right, and he's not here.

"THE DEFENDANT: Right because I did not know this hearing was taking place. I thought the trial was set for the 11th.

"THE COURT: We have a trial coming up, so I'm not going to relieve Mr. Osborne unless your attorney - -

"THE DEFENDANT: Please do because I fired him twice. Can you call - -

"THE COURT: Well, you can't fire him.

"THE DEFENDANT: I have to.

"THE COURT: Either you are represented by another attorney and I have to have that attorney here or you represent yourself - -

"THE DEFENDANT: Then I'll represent myself.

"THE COURT: - - which is always not a good idea on a felony case when you have a trial coming up in two weeks."

After further argument about counsel's performance relevant to the *Marsden* issue, the court denied defendant's motion, stating: "Well, I'm going to deny this *Marsden*

2

hearing.  We have this on for readiness, so let me recall it with the district attorney here and then we'll finish up this hearing."

During the *Marsden* proceeding, defendant continuously engaged in disruptive behavior, interrupting both the trial court as well as his appointed counsel.  The trial court continuously had to remind defendant to wait for his turn to speak, and despite these admonishments, defendant continued to interrupt.  The court reporter even interrupted the proceedings and stated, "Sir, please.  I can only report one at a time."  This did not deter defendant from interrupting.

Defendant's disruptive behavior continued to after this proceeding, such that on the first day of trial the court warned him several times that if he was disruptive in front of the jury he would be removed from the courtroom for the duration of the trial. Defendant appeared in court in his jail clothes, and continuously interrupted the trial court when being questioned as to whether he desired to wear those clothes instead of civilian clothes.  He stated that he had refused to wear the clothes his attorney obtained for him because they were "clownish" and made him look "guilty in the eyes of the jury." His attorney stated that defendant had refused to provide him with his clothing size information, and consequently the attorney had been forced to guess as to defendant's size.

During the entirety of this discussion, defendant repeatedly interrupted both the trial court and his attorney.  Defendant stated he would like a continuance of the trial because he was upset with his attorney, and the trial court denied his request since the jury panel was waiting for voir dire, and this was a "no time waiver" matter.

Defendant repeatedly interrupted the trial court to state his belief that the trial court was preventing him from obtaining a fair trial.  Defendant again spoke of his desire to represent himself:

"THE DEFENDANT:  I would like to act as my own counsel.  I would like an extension please.  I would like to act as my own counsel.

3

"THE COURT:  I already ruled on that.

"THE DEFENDANT:  All right.

"THE COURT:  You're not capable - -

"THE DEFENDANT:  I am.

"THE COURT: - - of being your own attorney - -

"THE DEFENDANT:  I am, quite.

"THE COURT: - - because you're acting out and you're disruptive and I don't think your conduct is appropriate and I don't think you have any idea how to conduct your own trial."

Before voir dire commenced, the trial court commented:  "So actually, another thing I just want to remind you, Mr. Brodie, is that if there's going to be disruptions or interruption, then we're going to exclude you from the trial.  So this is another warning that I expect you to be respectful and quiet and not interrupt.  [¶]  We're starting this trial, we're going forward.  I've already heard your request to continue or represent yourself, and I don't think that's appropriate.  We are going forward with the jury trial."

## DISCUSSION

On appeal, defendant argues the trial court failed to properly address his request to represent himself and conduct a *Faretta* hearing, and therefore erred in summarily denying his request.  Defendant asserts he made two unequivocal requests to represent himself and that the trial court did not undertake the analysis required to determine whether defendant was aware of the consequences of such a decision.  The People argue defendant's first request was equivocal, and therefore did not require *Faretta* analysis, and that his second request was equivocal, untimely, and defendant's behavior was so disruptive the trial court was within its discretion in denying the request.

4

# I

## *Legal Background*

A criminal defendant has a right to represent himself at trial under the Sixth Amendment to the United States Constitution.  (*Faretta, supra*, 422 U.S. at pp. 835-836; *People v. Williams* (2013) 58 Cal.4th 197, 252.)  " 'A trial court must grant a defendant's request for self-representation if three conditions are met.  First, the defendant must be mentally competent, and must make his request knowingly and intelligently, having been apprised of the dangers of self-representation.  [Citations.]  Second, he must make his request unequivocally.  [Citations.]  Third, he must make his request within a reasonable time before trial.  [Citations.]' "  (*People v. Stanley* (2006) 39 Cal.4th 913, 931-932.)  Additionally, a *Faretta* motion made for the purpose of delay may be denied.  (*People v. Butler* (2009) 47 Cal.4th 814, 825.)  An erroneous denial of a timely *Faretta* request is reversible per se.  (*Id.* at p. 824.)

A trial court may deny a defendant's *Faretta* motion if it is not made within a reasonable time prior to the start of trial.  (*People v. Williams* (2013) 56 Cal.4th 165, 193 [the constitutional right to self-representation "must be asserted within a reasonable time before trial"].)  "The timeliness requirement 'serves to prevent a defendant from misusing the motion to delay unjustifiably the trial or to obstruct the orderly administration of justice.' [Citation.]"  (*People v. Doolin* (2009) 45 Cal.4th 390, 454.)  "[T]imeliness for purposes of *Faretta* is based not on a fixed and arbitrary point in time, but upon consideration of the totality of the circumstances that exist in the case at the time the self-representation motion is made."  (*People v. Lynch* (2010) 50 Cal.4th 693, 724.)  In determining whether the motion is timely, the trial court may properly consider, "not only the time between the motion and the scheduled trial date, but also such factors as whether trial counsel is ready to proceed to trial, the number of witnesses and the reluctance or availability of crucial trial witnesses, the complexity of the case, any ongoing pretrial

5

proceedings, and whether the defendant had earlier opportunities to assert his right of self-representation." (*Id.* at p. 726.) When the trial court does not state untimeliness as its reason for denying a *Faretta* motion, we independently review the record to determine whether the motion would properly have been denied on this ground. (*People v. Halvorsen* (2007) 42 Cal.4th 379, 433, fn. 15.)

*Faretta* warned that a trial court "may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." (*Faretta, supra*, 422 U.S. at pp. 834-835, fn. 46.) According to the California Supreme Court, "the same rule applies to the denial of a motion for self-representation in the first instance when a defendant's conduct prior to the *Faretta* motion gives the trial court a reasonable basis for believing that his self-representation will create disruption." (*People v. Welch* (1999) 20 Cal.4th 701, 734.) The extent of a defendant's disruptive behavior may not be fully evident from the cold record and the trial court is in the best position to judge the defendant's demeanor. (*Id.* at p. 735.) Accordingly, we defer to the trial court's exercise of discretion absent a strong showing of clear abuse. (*Ibid.*)

II

*First Request*

The People argue defendant's first request was akin to the defendant's invocation in *People v. Roldan* (2005) 35 Cal.4th 646, in which the defendant was upset his counsel had contacted his family and stated, " 'I'll be my own lawyer *if he is going to be like that.*' " (*Id.* at p. 683.) The California Supreme Court held this statement was equivocal and also that the circumstances suggested the defendant was merely attempting to delay the trial. (*Id*. at pp. 683-684.) Accordingly, the defendant's request did not require further *Faretta* analysis. (*Ibid.*) We do not agree with the People's argument.

Defendant's first request during the *Marsden* hearing was not equivocal and was sufficient to require a *Faretta* analysis. Defendant clearly stated that he did not want his

6

appointed counsel to represent him and that if he could not obtain another attorney as he wished to do, he would represent himself. Unlike *Roldan*, his request was not contingent upon his attorney's behavior, and instead was based on his inability to replace his appointed counsel with his chosen counsel because the latter was not at the hearing.

Nonetheless, we also find the trial court did not abuse its discretion in denying defendant's request due to its lack of timeliness and defendant's disruptive behavior. The trial court stated that trial was a little more than two weeks away and that having defendant represent himself was not a good idea. The trial court also repeatedly emphasized that this was a "no time waiver" case and therefore trial had to commence as scheduled. Further, defendant's behavior of constantly interrupting the hearing was very disruptive, a fact that gave the trial court a reasonable basis for believing he would cause similar disruption at trial if he was allowed to represent himself.

### III

### *Second Request*

Defendant's second request, on the first day of trial, was also sufficient to require a *Faretta* analysis. He made a request to, "act as my own counsel" with no qualifying language. However, we also find the trial court did not abuse its discretion as the defendant continued to be disruptive and the request was untimely. Defendant's behavior was continuously disruptive, both before, during, and after his second *Faretta* request. The trial court stated that it was denying defendant's request because he was acting out, disruptive, and engaging in inappropriate behavior. The record supports this determination, especially as the trial court had repeatedly warned defendant that it could remove him from the courtroom if he did not stop disrupting the proceedings, and these warnings did nothing to dissuade defendant from further outbursts.

Based on our independent review, the request would also have been properly denied based on untimeliness. The request was made on the first day of trial as voir dire

7

was set to begin. Defendant also requested a continuance, despite having declined to waive time for trial. Under the totality of the circumstances, the request was not timely.

DISPOSITION

The judgment is affirmed.

_____
HULL, J.

We concur:

_____
RAYE, P. J.

_____
BLEASE, J.